1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2041 Rosecrans Avenue
5  Third Floor
   El Segundo, California  90245
6  Telephone: (310) 536-1000
   Facsimile: (310) 536-1001
7
   *Counsel for Plaintiff and all*
8  *others similarly situated*

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12  BRADLEY  SHIRILLA,  on  behalf  of | Case No. 12-cv-03814-MMM (JCx)
    himself and all others similarly situated,
13                                          | **CLASS ACTION**
                     Plaintiffs,            | **FIRST     AMENDED     COMPLAINT**
14                                          | **FOR:**
                        v.
15                                          | **1.   VIOLATION   OF   THE   FALSE**
    LABRADA NUTRITIONAL SYSTEMS,            | **ADVERTISING LAWS ("FAL"); Bus.**
16  INC., a Texas Corporation, LABRADA      | **& Prof. Code §17500 et seq.;**
    BODYBUILDING NUTRITION, INC., a
17  Texas Corporation, and DOES 1-10,       | **2.   VIOLATION   OF   CALIFORNIA'S**
    inclusive,                              | **UNFAIR      COMPETITION      LAWS**
18                                          | **("UCL"); Bus. & Prof. Code §17200 et**
                     Defendant.             | **seq.;**
19
                                            | **3.  VIOLATION  OF  CALIFORNIA'S**
20                                          | **CONSUMER     LEGAL     REMEDIES**
                                            | **ACT ("CLRA"), Civil Code §1750 et**
21                                          | **seq.**

22                                          | **DEMAND FOR JURY TRIAL**

23
           Plaintiff Bradley Shirilla, on behalf of himself and all others similarly situated,
24
    alleges the following upon information and belief based upon investigation of counsel,
25
    except to his own acts, which he alleges upon personal knowledge:
26

27  / / /

28  / / /

**FIRST AMENDED CLASS ACTION COMPLAINT**

## PARTIES

1.     Plaintiff Bradely Shirilla is a resident of Los Angeles County, California and purchased Stim-Force in Los Angeles County, California. Plaintiff relied on Defendant's representations regarding the efficacy and lack of warnings regarding the dangerous ingredients within Stim-Force (hereafter referred to herein as "Product"), as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such Product.

2.     Defendant Labrada Nutritional Systems, Inc. is a Texas Corporation with its principal place of business located in Houston, Texas.  Defendant Labrada Bodybuilding Nutrition, Inc. is a Texas Corporation with its principal place of business located in Houston, Texas (Labrada Nutritional Systems, Inc. and Labrada Bodybuilding Nutrition, Inc. will collectively be referred to as "Labrada Nutrition" or "Defendant").  Labrada Nutrition develops and markets Stim-Force, and has sold such products in California and across the United States of America.

3.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Labrada Nutrition and DOE Defendants will hereafter collectively be referred to as "Defendant").

//

**JURISDICTION AND VENUE**

5.     A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant.  *See* 28 U.S.C. §1332(d)(2)(A).

6.     This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

**FACTUAL ALLEGATIONS**

8.     Defendant manufactures, markets, and sells Stim-Force as a supplement that can provide effective weight loss and muscle building.  Defendant claims "STIM-FORCE gives the experienced athlete, both REAL stimulation plus REAL performance-enhancing force so they can crush their workouts."  Defendant further claims Stim-Force "is the next generation pre-workout stimulant concentrate formula that provides powerful central nervous system (CNS) stimulants along with efficacious amounts of workout performance enhancers not found in other pre-workout concentrates."  What Defendant fails to mention is that its Product contains the dangerous ingredient, Dimethylamylamine, also known as DMAA.

9.     The form of DMAA Defendant uses in the Product is a synthetic form that is both illegal and dangerous.  Defendant's advertising statements, which fail to mention the risks associated with this ingredient, are is both false and misleading to consumers.

10.     Defendant's DMAA is manufactured synthetically, and therefore unlawfully on the market as an ingredient in Defendant's Product which, because they include Defendant's DMAA, are both "adulterated" dietary supplements pursuant to the

Food, Drug, and Cosmetic Act.  Assuming, *arguendo*, Defendant's DMAA is not synthetically manufactured and it is instead naturally extracted from the geranium plant, Defendant's DMAA, by virtue of its inclusion in its Product, makes the Product an "adulterated" dietary supplement and unlawfully on the market pursuant to the Food, Drug, and Cosmetic Act.

11.     Before marketing a Product containing DMAA, manufacturers and distributors have a responsibility under the law to provide evidence of the safety of its Product. Defendant has failed to do that, which made Stim-Force adulterated.

12.     Supplement manufacturers or distributors who use certain dietary ingredients not marketed in a dietary supplement prior to October 15, 1994, which includes DMAA, are responsible for notifying the FDA of evidence to support their conclusion that their dietary supplements containing NDIs are safe. Manufacturers or distributors must submit notification at least 75 days before marketing its Product.

13.     In fact, Defendant has received a warning letter from the FDA citing the company for marketing a Product for which a notification had not been submitted for the use of DMAA as a New Dietary Ingredient (NDI).   Defendant was warned that this requirement had not been met for its marketing of Stim-Force.

14.     Labrada Nutrition has also been advised that the FDA is not aware of evidence or history of use to indicate that DMAA is safe. Under the Dietary Supplement Health and Education Act of 1994 (DSHEA), manufacturers, marketers and distributors of dietary supplements are responsible for ensuring that they are marketing a safe product.

15.     DMAA is known to narrow the blood vessels and arteries, which can elevate blood pressure and may lead to cardiovascular events ranging from shortness of breath and tightening in the chest to heart attack.  The FDA has received 42 adverse event reports on products containing DMAA, some including complaints of cardiac disorders, nervous system disorders, psychiatric disorders, and death.

16.     Labrada Nutrition has also been warned by the FDA that synthetically produced DMAA is not a "dietary ingredient" and, therefore, is not eligible to be used as an active ingredient in a dietary supplement. DSHEA defines a dietary ingredient as a vitamin, mineral, amino acid, herb or other botanical, a dietary substance for use by man to supplement the diet, or a concentrate, metabolite, constituent, extract, or combination of these substances.

17.     Concern about the safety and legality of DMAA has spread so wide that the United States military removed all products containing DMAA from their Army and Air Force Exchange Service and Navy Exchange stores around the world on December 3, 2011. The U.S. military was prompted to remove all DMAA products from their shelves after two soldiers suffered heart attacks and died earlier in 2011 during physical training. The deaths prompted the U.S. to Army to launch an "ongoing safety review after recording a number of other serious health effects among known and potential users of products containing DMAA including kidney and liver failure, seizures, loss of consciousness, heat injury and muscle breakdown during exertion, and rapid heartbeat."

18.     Defendant's misrepresentations regarding the efficacy, safety and legality of the Product was designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Product was not only effective, but legal and safe as well. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product but for Defendant's misrepresentations.

19.     As a result of Defendant's false advertising claims, Defendant has wrongfully taken millions of dollars from California and nationwide consumers.

20.     Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers nationwide by Defendant, and to recover the funds taken by this unlawful practice.

//

//

CLASS ACTION COMPLAINT

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, as members of the class and subclasses below (referred to hereafter as the "Class") defined as follows:

California Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of California who purchased Stim-Force within the four years prior to the filing of the initial complaint.  Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person.  Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

Nationwide Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of the United States of America who purchased Stim-Force within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person.  Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

22.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

23.     [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes

1  thousands of members.  Plaintiff alleges that the Class may be ascertained by the
2  records maintained by Defendant.

3      24.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all
4  members of the Class which predominate over any questions affecting only individual
5  members of the Class.  These common legal and factual questions, which do not vary
6  from class member to class member, and which may be determined without reference to
7  the individual circumstances of any class member, include, but are not limited to, the
8  following:

9          (a) Whether Defendant's advertising or labeling are false or misleading;

10          (b) Whether Defendant's Product contains DMAA;

11          (c) Whether DMAA is unsafe;

12          (d) Whether Defendant's conduct violates the CLRA or other laws;

13          (e) Whether Defendant's conduct is "unfair" under Bus. & Prof. Code
14          Section 17200;

15          (f) Whether, as a result of Defendant's misconduct, Plaintiff and the Class
16          are entitled to damages, restitution, equitable relief and other relief, and the
17          amount and nature of such relief.

18      25.    [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the
19  members of the Class.  Plaintiff and all members of the Class have sustained injury and
20  are facing irreparable harm arising out of Defendant's common course of conduct as
21  complained of herein.  The losses of each member of the Class were caused directly by
22  Defendant's wrongful conduct as alleged herein.

23      26.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the
24  interests of the members of the Class.  Plaintiff has retained attorneys experienced in the
25  prosecution of class actions, including complex consumer and mass tort litigation.

26      27.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available
27  methods of fair and efficient adjudication of this controversy, since individual litigation
28  of the claims of all Class members is impracticable.  Even if every Class member could

1    afford individual litigation, the court system could not. It would be unduly burdensome

2    to the courts in which individual litigation of numerous issues would proceed.

3    Individualized litigation would also present the potential for varying, inconsistent, or

4    contradictory judgments and would magnify the delay and expense to all parties and to

5    the court system resulting from multiple trials of the same complex factual issues. By

6    contrast, the conduct of this action as a class action, with respect to some or all of the

7    issues presented herein, presents fewer management difficulties, conserves the

8    resources of the parties and of the court system, and protects the rights of each Class

9    member.

10         28.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by

11    thousands of individual Class members would create the risk of inconsistent or varying

12    adjudications with respect to, among other things, the need for and the nature of proper

13    notice, which Defendant must provide to all Class members.

14         29.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by

15    individual class members would create a risk of adjudications with respect to them that

16    would, as a practical matter, be dispositive of the interests of the other Class members

17    not parties to such adjudications or that would substantially impair or impede the ability

18    of such non-party Class members to protect their interests.

19         30.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects

20    generally applicable to the Class, thereby making appropriate final injunctive relief with

21    regard to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**Business and Professions Code §17500**

**(Violation of the False Advertising Act)**

**(By Plaintiff and the Class Against All Defendants)**

26         31.    Plaintiff hereby incorporates paragraphs 1-30 above as if set forth in full.

27         32.    California Business and Professions Code (the "Code") § 17500 provides

28    that "[i]t is unlawful for any ... corporation . . . with intent . . . to dispose of . . . personal

- 8 -

**CLASS ACTION COMPLAINT**

property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

33.    Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

34.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

35.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

**SECOND CAUSE OF ACTION**

**Business and Professions Code § 17200, et seq.**

**(Violation of the Unfair Competition Law)**

**(By Plaintiff and the Class Against All Defendants)**

36.    Plaintiff hereby incorporates paragraphs 1-35 above as if set forth in full.

37.    California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

38.    The UCL imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

1   39.    The material misrepresentations, concealment, and non-disclosures by

2   Defendant and DOES 1-10 as part of their marketing and advertising of its Product is

3   unlawful, unfair, and fraudulent business practices prohibited by the UCL.

4   40.    In carrying out such marketing, Defendant has violated the Consumer

5   Legal Remedies Act, the False Advertising Law, and various other laws, regulations,

6   statutes, and/or common law duties.  Defendant's business practices alleged herein,

7   therefore, are unlawful within the meaning of the UCL.

8   41.    The harm to Plaintiff and members of the public outweighs the utility of

9   Defendant's practices and, consequently, Defendant's practices, as set forth fully above,

10  constitute an unfair business act or practice within the meaning of the UCL.

11  42.    Defendant's practices are additionally unfair because they have caused

12  Plaintiff and the Class substantial injury, which is not outweighed by any countervailing

13  benefits to consumers or to competition, and is not an injury the consumers themselves

14  could have reasonably avoided.

15  43.    Defendant's practices, as set forth above, have misled the general public in

16  the past and will mislead the general public in the future.  Consequently, Defendant's

17  practices constitute an unlawful and unfair business practice within the meaning of the

18  UCL.

19  44.    Pursuant to California Business and Professions Code § 17204, an action

20  for unfair competition may be brought by any "person . . . who has suffered injury in

21  fact and has lost money or property as a result of such unfair competition."

22  Defendant's wrongful misrepresentations and omissions have directly and seriously

23  injured Plaintiff and the putative class by causing them to pay for a product because

24  they relied on the false and misleading marketing and advertising statements of

25  Defendant.

26  45.    The unlawful, unfair, and fraudulent business practices of Defendant are

27  ongoing and present a continuing threat that members of the public will be misled into

28

1  purchasing Stim-Force based on the belief that it was safe when, in fact, this is not the

2  case.

3       46.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent

4  injunctive relief ordering Defendant to cease this unfair competition, as well as

5  disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues

6  associated with Defendant's unfair competition, or such portion of those revenues as the

7  Court may find equitable.

8  **THIRD CAUSE OF ACTION**

9  **Civil Code § 1770, et seq.**

10  **(Violation of the Consumer Legal Remedies Act)**

11  **(By Plaintiff and the Class Against All Defendants)**

12       47.    Plaintiff hereby incorporates paragraphs 1-46 above as if set forth in full.

13       48.    The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive

14  statutory remedy for unfair methods of competition and unfair or deceptive acts or

15  business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164

16  (1997). Its self-declared purpose is to protect consumers against these unfair and

17  deceptive business practices, and to provide efficient and economical procedures to

18  secure such protection. Cal. Civil Code § 1760 et seq. The CLRA was designed to be

19  liberally construed and applied in favor of consumers to promote its underlying

20  purposes. *Id.*

21       49.    Plaintiff has standing to pursue this claim as Plaintiff purchased Stim-

22  Force, believing that it was safe. One of the reasons that Plaintiff purchased the Product

23  is because he believed the Product was safe and backed by science, based on the

24  statements made by Defendant. Plaintiff and the Class relied on Defendant's

25  advertising and have been damaged because the supplements purchased are not safe and

26  are not backed by science and they received negative results from the Products; had

27  they known this, they would have either not bought the Product or paid less for it.

28

1         50.    Plaintiff has filed concurrently herewith the declaration of venue required

2 by Civil Code Section 1780(d).

3         51.    Defendant's wrongful business practices constituted, and constitute, a

4 continuing course of conduct in violation of the California CLRA since Defendant is

5 still representing that its Product has characteristics which are false and misleading, and

6 have injured Plaintiff and the Class.

7         52.    More specifically, Plaintiff alleges that Defendant has violated paragraphs

8 5, 7, and 9 of California Civil Code § 1770(a) by engaging in the unfair and/or

9 deceptive acts and practices set forth herein. Defendant's unfair and deceptive business

10 practices in carrying out the marketing program described above were and are intended

11 to and did and do result in Plaintiff and Class members purchasing Defendant's

12 Product, in violation of the CLRA. Cal. Civil Code § 1770, et seq.

13         53.    As a result of Defendant's unfair and/or deceptive business practices,

14 Plaintiff and all consumers who purchased Defendant's supplement Product have

15 suffered damage and lost money in that they paid for a Product that did not have the

16 characteristics and benefits as represented. Plaintiff seeks and is entitled to an order

17 enjoining Defendant from continuing to engage in the unfair and deceptive business

18 practices alleged herein.

19         54.    Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify

20 Defendant in writing of the particular violations of Section 1770 of the CLRA (the

21 "Notice Letter"). If Defendant fails to comply with Plaintiff's demands within thirty

22 days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff

23 will amend this Complaint to further request damages under the CLRA.

24                           **PRAYER FOR RELIEF**

25         WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief

26 and judgment as follows:

27         1.    For preliminary and permanent injunctive relief enjoining Defendant, its

28 agents, servants and employees, and all persons acting in concert with them, from

1  engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent

2  business practices alleged above and that may yet be discovered in the prosecution of

3  this action;

4       2.      For certification of the putative class;

5       3.      For restitution and disgorgement of all money or property wrongfully

6  obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent

7  business practices;

8       4.      For an accounting by Defendant for any and all profits derived by

9  Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or

10  business practices;

11      5.      An award of statutory damages according to proof, except that no damages

12  are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal

13  Remedies Act at this time;

14      6.      An award of general damages according to proof, except that no damages

15  are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal

16  Remedies Act at this time;

17      7.      An award of special damages according to proof, except that no damages

18  are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal

19  Remedies Act at this time;

20      8.      Exemplary damages, except that no damages are currently sought on

21  Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

22      9.      For attorneys' fees and expenses pursuant to all applicable laws including,

23  without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law

24  private attorney general doctrine;

25      10.     For costs of suit; and

26  //

27  //

28  //

CLASS ACTION COMPLAINT

11.   For such other and further relief as the Court deems just and proper.

Dated:  May 8, 2012                    KIRTLAND & PACKARD LLP


By:_____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON

*Counsel for Plaintiff and all others similarly situated*

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of actions so triable.

Dated:  May 8, 2012                    KIRTLAND & PACKARD LLP


By: _____
     MICHAEL LOUIS KELLY
     BEHRAM V. PAREKH
     HEATHER M. PETERSON
     AMIR D. BENAKOTE
     *Counsel for Plaintiff and all others similarly
     situated*

**CLASS ACTION COMPLAINT**

1  I, Brad Shirilla, declare as follows:

2      1.      I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3  personal knowledge of the facts herein and, if called as a witness, I could and would testify

4  competently thereto.

5

6      2.      The Complaint in this action, filed concurrently with this Declaration, is filed in the

7  proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in

8  which Defendants are doing business.

9

10

11      I declare under penalty of perjury under the laws of the State of California that the foregoing is

12  true and correct.

13

14                              Brad Shirilla

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY SHIRILLA, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>LABRADA NUTRITIONAL SYSTEMS, INC., a Texas Corporation, LABRADA BODYBUILDING NUTRITION, INC., a Texas Corporation, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>12-CV-03814 MMM (JCx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

     A lawsuit has been filed against you.

     Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ <u>first</u> amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael Louis Kelly</u>, whose address is <u>2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    <u>MAY - 9 2012</u>   

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY SHIRILLA, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>LABRADA NUTRITIONAL SYSTEMS, INC., a Texas Corporation, LABRADA BODYBUILDING NUTRITION, INC., a Texas Corporation, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>12-CV-03814 MMM (JCx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within 21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☒ first_____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael Louis Kelly_____ , whose address is 2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


                                                    Clerk, U.S. District Court


                        MAY - 9 2012
   Dated: _____        By: _____
                                                    SHEA BOURGEOIS
                                                    Deputy Clerk    SEAL

                                                    (Seal of the Court)


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*